# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DIANNE GRAHAM, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Dianne Graham, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Board of Regents of the University System of Georgia (hereafter referred to as "USG"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arises out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981").

2.   This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4.   Plaintiff is a citizen of the United States and a resident of Clayton County, Georgia.

5.   Defendant Board of Regents of the University System of Georgia is a state governmental agency.

6.   Defendant's principal office is located at 270 Washington Street S.W., Atlanta, Georgia 30334.

7.   Defendant operates Clayton State University ("CSU"), a public university operating in Georgia and located at 2000 Clayton State Boulevard, Morrow, Georgia 30260.

8.   Defendant may be served by delivering a copy of the Complaint and Summons to Defendant's Office of Legal Affairs, 270 Washington Street, S.W., Atlanta, Georgia 30334.

9.   Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Plaintiff is a light-skinned African American.

11. Plaintiff was employed by Defendant from 1999 until her termination on January 19, 2021.

12. During all periods relevant to this Complaint, Plaintiff held the positions of Assistant Communications Manager and Public Safety Communications dispatcher.

13. During all time periods relevant to this Complaint, Plaintiff reported directly to Ms. Wanda Zellars.

14. Ms. Zellars is a dark-skinned African American.

15. In March 2020, Plaintiff personally observed disparate treatment from dark-skinned African American coworkers against Plaintiff, a light-skinned African American.

16. On or about March 20, 2020, Plaintiff reported these observations to Ms. Zellars.

17. Plaintiff did not observe any punishments given to the offending parties.

18. Plaintiff continued to receive colorist treatment from her coworkers.

19. In May 2020, Plaintiff was approved for FMLA leave due to work-related stress.

20. On or about July 19, 2020, Plaintiff returned from FMLA leave.

21. In November 2020, Plaintiff was told that Defendant was undertaking a reduction in force ("RIF").

22. Plaintiff was selected to transition into the Public Safety Communications Dispatcher ("Dispatcher") role as part of the RIF.

23. Newly hired team member Ms. Delmonica Dewberry stepped into Plaintiff's former Assistant Communications Manager position.

24. Ms. Dewberry is a dark-skinned African American.

25. On or about December 11, 2020, Plaintiff received a verbal counseling from Corporal Shelby Hatcher for allegedly relaying an incorrect vehicle identification number ("VIN").

26. The VIN information in question was checked and affirmed by Ms. Zellars before it was relayed to Corporal Hatcher.

27. On or about December 1, 2020, Plaintiff was reprimanded for allegedly missing an incoming call from an officer.

28. Upon review, Plaintiff did not see anything in her call log indicating an incoming call was received from the officer on the date and time in question.

29. On or about January 8, 2021, Plaintiff noticed her hours were reduced.

30. On the same day, Plaintiff complained to Ms. Zeller regarding the reduced

hours, the December incidents, and referenced her prior complaints as well.

31. During this complaint, Plaintiff verbally asked Ms. Zeller, "Is this happening because I'm lighter skinned?"

32. On or about January 19, 2021, Plaintiff was terminated.

33. As reasoning for her termination, Defendant relies on the provisions of the Policy on Provisional Appointments of the University System of Georgia (USG), claiming Plaintiff was a provisional employee once she was assigned the Dispatcher position.

34. Plaintiff had not received any verbal or written warnings regarding performance or conduct prior to making her protected complaint or being reassigned to a new position.

## IV. CLAIMS FOR RELIEF

## COUNT I: SECTION 1981 DISCRIMINATION

35. Plaintiff incorporates by reference all preceding paragraphs of his Complaint as if fully set forth herein.

36. Plaintiff is a member of a protected class by virtue of her race and color.

37. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race and color.

38. Defendant exhibited a discriminatory animus when it allowed Plaintiff to be

harassed due to her color despite being aware of the issue and when it replaced Plaintiff in her prior position with a light-skinned African American individual.

39. Plaintiff suffered an adverse action when she was terminated from her employment with Defendant.

40. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

41. Defendant's business reasons for the adverse actions against Plaintiff are pretextual.

42. Plaintiff suffered damages as a result of Defendant's discrimination, for which she is entitled to recovery pursuant to Section 1981.

## COUNT II: SECTION 1981 RETALIATION

43. Plaintiff incorporates by reference preceding paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff had a good faith belief that discrimination was occurring in the workplace.

45. Plaintiff made a protected objection to colorist treatment when she complained on March 20, 2020.

46. Defendant was aware of Plaintiff's objection.

47. Plaintiff made a second protected objection when she mentioned her skin

color as part of her January 8, 2021, complaint.

48. Defendant was aware of Plaintiff's objection.

49. After Plaintiff made her second protected objection, Plaintiff was terminated.

50. The timeline of events between Plaintiff's protection objection occurring, Plaintiff's protected objection being dismissed by Defendant, Plaintiff's second protected objection, and Plaintiff's termination creates a reasonable inference of retaliation.

51. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

52. Defendant's business reason for the adverse actions against Plaintiff is pretextual.

53. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery pursuant to Section 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

H. Any other relief this Court deems just and proper.

Respectfully submitted this 21st day of January, 2025.

                THE KIRBY G. SMITH LAW FIRM, LLC

                s/Kirby G. Smith
                Georgia Bar No 250119
                s/Rachel B. Canfield
                Georgia Bar No.
                *Attorneys for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 21st day of January, 2025.

                                THE KIRBY G. SMITH LAW FIRM, LLC

                                s/Kirby G. Smith
                                Kirby G. Smith
                                Georgia Bar No. 250119
                                *Attorney for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 21st day of January, 2025.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        s/Kirby G. Smith
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorney for Plaintiff*

4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com